**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Ingodwee Trust
David T. Lonier, Trustee,

            Case No. 2:05-CV-71371-VAR-MKM

     Plaintiff, Pro se      Hon. Victoria A. Roberts

v.               Mag. Judge Mona K. Majzoub

DTE Energy & Detroit Edison
Anthony F. Earley, Jr., CEO
Robert Buckler, President
Jim Hammond, Area Leader, Planning

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### I.  INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction, FRCP 12(b)(1), and for failure to state a claim upon which relief may be granted, FRCP 12(b)(6).  For the reasons stated, the Court **DENIES** Defendants' Motion to Dismiss under FRCP 12(b)(1) and **GRANTS** Defendants' Motion to Dismiss under FRCP 12(b)(6).

### II.  BACKGROUND

This action is brought by pro se Plaintiff, David T. Lonier, as managing trustee for Ingodwee Trust.  Ingodwee Trust is record title-holder of property located at 1842 Commonwealth, Auburn Hills, Michigan 48326.  Defendant DTE Energy/Detroit Edison is a Michigan corporation and electric utility provider, and individual named defendants are officers or employees of Detroit Edison.

Plaintiff contacted DTE Energy/Detroit Edison[1] in October 1998, and requested that DTE move a utility pole and reroute electrical lines in Plaintiff's backyard so that Plaintiff could build a garage.  DTE agreed to move the pole and reroute the lines, under the condition that Plaintiff pay in advance for the cost of the relocation,[2] and that Plaintiff grant DTE easements for the new location of the pole and utility lines.  DTE's latest estimate for the cost of relocation of the utility pole and electric lines was made in April 2003 and was valid for up to six months.  The estimated cost at that time was $6,824.58.

Plaintiff challenged DTE's right to continue use of the pole and lines in their present location.  In May 2000, Defendants provided Plaintiff with two copies of easements it received from previous owners of the property.  The first is dated November 26, 1949; the second is dated March 31, 1953[3].  Neither of these easements was recorded, but the use of the land by DTE was openly visible at the time Plaintiff purchased the property.  Plaintiff has challenged the validity of these easements and insists that DTE relocate the pole and lines without costs.  Plaintiff has also requested compensation from DTE  in exchange for the granting of a new easement to accommodate the relocation of the pole and lines.  Plaintiff has tried to negotiate this matter with DTE since October 1998.  DTE has never changed its position.

Plaintiff alleges eight violations against Defendants: 1) violation of his right to own property under the 4th, 5th, and 14th Amendments to the U.S. Constitution, and 42 U.S.C. §1983; 2) violation of his right to contract under Article I §10 of the U.S. Constitution and 42

---

[1] Herinafter referred to as DTE.

[2] Under authority of M.P.S.C. rule B-3.6 (3)(d).  Defendants' Brief in Support of Motion to Dismiss, Appendix 2.

[3] Defendants' Motion, Appendix 2.

U.S.C. §1981; 3) slander of title; 4) extortion, under the RICO Act, 18 U.S.C. §§ 1951 and 1952; 5) collection of an unlawful debt, under the RICO Act, 18 U.S.C. §1962; 6) conspiracy and neglect to prevent, under 42 U.S.C. §§ 1985 and 1986; 7) "restricted land use;" and, 8) "impeding use of property."

Defendants' motions followed.  Defendants assert that the three issues are: 1) the Court lacks subject matter jurisdiction; 2) the Complaint fails to state a claim upon which relief may be granted due to the statutes of limitations; and 3) whether the Complaint fails to state a claim upon which relief may be granted due to Plaintiff's failure to state a prima facie case under the applicable statutes.


## III.   STANDARD OF REVIEW

When subject matter jurisdiction is challenged under 12(b)(1), the plaintiff has the burden to prove jurisdiction.  *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125 (6th Cir 1996).  If the attack on jurisdiction is a facial attack on the complaint, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *U.S. v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-722 (6th Cir 1999).  If the attack is factual, however, the court may weigh evidence and resolve factual disputes.  Id.

 When reviewing a Rule 12(b)(6) Motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a

motion] to weigh evidence or evaluate the credibility of the witnesses." *Miller*, 50 F.3d at 377.

The court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Gazette*,

41 F.3d at 1064; *see also Miller*, 50 F.3d at 377; *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132

(6th Cir. 1994). While this standard is decidedly liberal, it requires more than the bare assertion

of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Rather,

the complaint must contain either direct or inferential allegations respecting all the material

elements to sustain a recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240.

When faced with motions to dismiss under both 12(b)(1) and 12(b)(6) the court should

generally decide the 12(b)(1) motion first. *Bell v. Hood*, 327 U.S. 678, 682 (1945). "Whether

the complaint states a cause of action on which relief could be granted is a question of law and

just as issues of fact it must be decided after and not before the court has assumed jurisdiction

over the controversy." *Id*. When a 12(b)(1) motion is based upon the plaintiff's alleged failure to

state a federal claim, unless the claim is wholly insubstantial and frivolous, jurisdiction should be

assumed and the case should be decided on the merits. *Id* at 682-83. If there is a colorable

federal claim in the complaint any dismissal should be on the merits, not for want of jurisdiction.

*Id.*

## IV.    APPLICABLE LAW AND ANALYSIS

### A.    Subject Matter Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction under U.S.C. § 1331

because Plaintiff is actually asserting a state claim to quiet title to land, and appending

"anticipatory allegations of ancillary federal claims that are unnecessary to Plaintiff's cause of action."[4]  Defendants contend Plaintiff's complaint is essentially alleging that Plaintiff "has title to the land in dispute; and that Defendants' easements represent a claim adverse to his title in the land."[5]  It is Defendants' position that Plaintiff is actually asking for declaratory judgment that would quiet title to land and that state law, MCL 600.2932 (Action to Determine Interest in Land), is controlling and provides all of the remedies sought by Plaintiff in the Complaint.

Defendants assert that the federal constitutional and statutory provisions raised by Plaintiff in the Complaint have "little or no direct involvement in the underlying dispute or the relief sought by Plaintiff."[6]  Plaintiff cannot transform his state claim into a federal claim by referencing federal constitutional provisions and statutes that are only indirectly involved with the underlying dispute.  Defendants contend the federal question must appear from the "well-pleaded allegations" of Plaintiff's Complaint, and that this test is not met by Plaintiff's Complaint.  It is Defendants' position that Plaintiff is questioning the validity of Defendants' easement and that this question is "unaffected by the interpretation or application of any of the federal provisions referenced in the Complaint."[7]

Defendants' motion to dismiss based on FRCP 12(b)(1), lack of subject matter jurisdiction, is denied.  Plaintiff clearly alleges several colorable federal claims. *Bell v. Hood* at

---

[4] Defendants' Motion at 5

[5] Id at 6.

[6] Id at 7.

[7] Id at 7-8.

Page 5 of  9

682-83.  Plaintiff alleges violations of Article I §10, and the 4th, 5th, and 14th Amendments of

the U.S. Constitution; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; as well as, the RICO Act, 18

U.S.C. §§ 1951, 1952, and 1962.  When any colorable federal claim exists, even if they are

stated imperfectly, the court should assume subject matter jurisdiction and decide the case on the

merits. *Id.*

### B.      Statutes of Limitations

Defendants assert Plaintiff's "slander of title;" civil RICO; and 42 U.S.C. §§ 1981, 1983,

1985 and 1986 claims are barred by the applicable statutes of limitations.  Defendants state "The

governing statute of limitations for these provisions is the most appropriate statute of limitations

under state law."[8]  Defendants state that there is conflict in Michigan regarding the appropriate

statute of limitations for a "slander of title" action.  In some cases the one year statute of

limitations, under MCL 600.5805(9) (Defamation), has been applied and in others the three year

statute, under MCL 600.5805(10) (Injury to property), has been applied.  Defendants state a four

year statute of limitations applies to all civil RICO claims; a three year statute of limitations

applies to §1981 claims, governed by the Michigan statute for personal injury suits, or a six year

statute of limitations if the Michigan contracts statute is applied; a §1983 claim has a three year

statute of limitations, governed by MCL 600.5805(10); a §1986 claim has a one year statute of

limitations, and the §1985 claim is controlled by the §1986 claim if both are alleged

simultaneously, as they are in this case.  Defendants assert that this dispute arose in October

1998 and Plaintiff did not file his Complaint until April 2005.  Defendants conclude that Plaintiff

delayed bringing his lawsuit for over six years, and failed to plead in avoidance of any of the

---

[8] Id at 18.

applicable statutes of limitations; therefore, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff claims the statutes of limitations should not even have begun to run yet because the injuries Defendants allegedly caused are "continuous and compounding."  However, Plaintiff does not cite any authority which would support this proposition.  Plaintiff also claims he has pled in avoidance of the statutes of limitations.  Plaintiff cites the fact that he has continuously attempted to negotiate with DTE over the disputed property since the conflict began.  However, Plaintiff has not alleged that DTE enticed Plaintiff to delay filing a Complaint by engaging in any deceit or fraud during their negotiations, as is generally required for the application of equitable estoppel in Michigan. *Lothian v. Detroit,* 414 Mich. 160 (1982).  There is nothing in the briefs to suggest Defendants engaged in any continued action to cause Plaintiff harm that would toll the statute of limitations for 42 U.S.C. §§1985 and 1986, and Plaintiff has failed to allege any "fradulent concealment" on the part of Defendants that would toll Plaintiff's civil RICO claim. *Moss v. Columbus Brd. Ed.,* 98 Fed. Appx. 393, 2004 WL 771351 (6th Cir. 2004); *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1987).  Both parties agree the dispute arose in October 1998, and Plaintiff's Complaint was filed in April 2005.  For these reasons, Plaintiff's 42 U.S.C. §§ 1981, 1983, 1985, and 1986; slander of title, and civil RICO claims are dismissed for failure to state a claim upon which relief may be granted, FRCP 12(b)(6), due to the running of the statutes of limitations.  Finally, since these claims should be dismissed due to the running of the statutes of limitations, it is unnecessary to address each of the claims to determine if Plaintiff has stated the necessary elements to establish a prima facie case.

C.    **Constitutional Claims**

Defendants assert that Plaintiff cannot link his "quiet title action" to federal claims under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution or the Civil Rights Acts of 42 U.S.C. §§ 1981 and 1983 because Plaintiff does not allege any "state action" in support of his claims, and because DTE is a private utility company and the actions of the company and its employees do not constitute "state action" under the Constitution or 42 U.S.C. §§ 1981 and 1983.

Defendant is correct. These constitutional provisions only protect individuals from violations of their rights due to actions of federal or state government. *United Transport Services Employees of America, CIO, Ex Rail Wash. v. National Mediation Board, CADC,* 179 F.2d 446 (D.C. Cir. 1949); *Penn Cent. Tranp. Co. v. New York City,* 438 U.S. 104 (1978); *Colorado v. Bannister*, 101 S. Ct. 42 (1980). Plaintiff attempts to bring Defendants' actions under authority of these constitutional provisions by characterizing DTE as a "quasi-governmental" actor; since it participates in the heavily regulated area of electrical utilities. However, the Complaint does not allege any set of facts which would lead to the inference that there is a sufficient nexus between governmental regulation and the actions of Defendants to qualify Defendants as "state" actors. *Flagson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974). For these reasons, Plaintiff's constitutional claims are dismissed for failure to state a claim upon which relief can be granted, due to Plaintiff's failure to state the elements of a prima facie case.

## V.     CONCLUSION

The Court **DENIES** Defendants' Motion to Dismiss for lack of subject matter jurisdiction, and **GRANTS** Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted.

Page 8 of  9

IT IS SO ORDERED.

s/Victoria A. Roberts\
Victoria A. Roberts\
United States District Judge

Dated: July 26, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 26, 2005. |
| s/Linda Vertriest |
| Deputy Clerk |